UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:17-cv-24047-UU

MIAMI WORKERS CENTER, et al.,

       Plaintiffs,

v.

MIKE CARROLL, et al.,

       Defendants.

_____/

## JOINT PLANNING AND SCHEDULING REPORT

The Parties, by and through undersigned counsel, having conferred by telephone on December 7, 2017, hereby submit this Joint Planning and Scheduling Report and Joint Proposed Scheduling Order pursuant to the Court's Order of December 6, 2017, Local Rule 16.1 and Fed.R.Civ.P. 26.

1. <u>A plain statement of the nature of the claim and any counterclaims, cross-claims, or third-party claims, including the amount of damages claimed and any other relief sought</u>: The nature of the claim is declaratory and injunctive relief for alleged violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*., and discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.,* ("ADA") and section 504 of the Rehabilitation Act of 1973. There

are no counter, cross or third-party claims. The Plaintiffs seek declaratory and injunctive relief. No damages are sought.

2. <u>A brief summary of the facts which are uncontested or which can be stipulated to without discovery</u>:

A) On November 3, 2017, DCF requested that USDA waive in-person interview requirements for Irma D-SNAP for elderly persons and persons with disabilities who completed D-SNAP pre-registration on-line.

B) On November 15, 2017, USDA approved DCF's November 3, 2017, request subject to the following limitations:

1) Waiver of in-person interviews was limited to persons who were unable to come to D-SNAP sites in-person;

2) Identity proofing procedures were to be used to verify applicant identity; and

3) Persons subject to waiver of the in-person interview were to be interviewed by phone by DCF on 12/2/17 and 12/3/17.

The Parties previously conferenced in an effort to avoid unnecessary proof and to make stipulations regarding the authenticity of documents in advance of the hearing on November 20. They anticipate continuing to do so as this matter proceeds. The Parties anticipate being able to stipulate to facts set forth in DCF's 11/3/17 waiver request, USDA's 11/15/17 Modification Approval for 48 Counties,

and DCF's 11/17/17 and 11/28/17 press releases concerning waiver of in-person D-SNAP interviews and logistics of phone interviews.

3. <u>A brief summary of the issues as presently known</u>:  The issues in this case have been refined as a result of the prior proceedings on Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction. Plaintiffs anticipate amending their Complaint to further formulate and simplify the issues. At this time the issues are whether the Defendants' application process for D-SNAP assistance violated the ADA and Section 504 of the Rehabilitation Act of 1973 as applied to disabled individuals who allege they were unable to present in person at one of Defendants' D-SNAP sites due to disability.

4. <u>Whether discovery should be conducted in phases or limited to particular issues</u>:  The Parties propose the discovery schedule set forth below which includes fact and expert phases. They do not propose limitation of discovery to particular issues at this time.

5. <u>A detailed schedule of discovery for each party</u>:  The Parties are in agreement that this case should be assigned to the Standard Case Management Track. They propose 250 days for discovery, with a discovery completion deadline of August 14, 2018. The Parties have agreed to the following discovery schedule:

The Parties will exchange initial disclosures by January 10, 2018;

The Parties will disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by May 31, 2018;

Fact discovery shall be completed by June 29, 2018;

Expert discovery shall be completed by August 14, 2018.

6. <u>Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery</u>: The Parties propose the following deadlines:

(i) <u>to join other parties and to amend the pleadings</u>: The Court has imposed the following deadlines: January 8, 2018 to join other parties and for Plaintiffs to amend their Complaint, and January 22, 2018 for Defendants to respond to the Amended Complaint. In the event Plaintiffs do not file an Amended Complaint, Defendants shall file a response to the original complaint by January 19, 2018;

(ii) <u>to file and hear motions</u>: The Parties propose March 31, 2018 as the deadline for Plaintiffs to file any class certification motions, forty-five (45) days following the close of discovery to file any dispositive motions, and that the motions be heard when the Court deems appropriate; and

(iii) <u>to complete discovery</u>: The Parties are in agreement that this case should be assigned to the Standard Case Management Track. They propose

250 days for discovery, with a discovery completion deadline of August 14, 2018.

7. <u>Proposed approximate dates for final pre-trial conferences and trial</u>: The Parties request a pretrial conference on or after November 12, 2018, and that this matter be set for trial on or after December 3, 2018.

8. <u>The projected time necessary for trial and a statement of whether the case is jury or non-jury trial</u>: At this time the Parties anticipate that trial would require a maximum of five days. This is a non-jury case.

9. <u>A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion</u>: There are no pending motions at this time.

10. <u>Any unique legal or factual aspects of the case requiring special consideration by the Court</u>: None at this time.

11. <u>Any potential need for references to a special master or magistrate</u>: None at this time. The Parties do not agree to refer this case to a Magistrate Judge for trial or dispositive motions.

12. <u>The status and likelihood of settlement</u>: As a result of the prior proceedings on Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction, the Parties have had some preliminary opportunities to

confer on the issues. The Parties are hopeful that this matter may be resolved through further negotiation. They request referral to a mediator for settlement discussions.

13. <u>Such other matters as are required by Local Rule 16.1(B) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action</u>:  This case will involve discovery about electronically stored information. However, at this time the Parties have not identified any issues to bring to the Court's attention about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial preparation materials; and (iii) matters enumerated on the ESI Checklist. The Parties have engaged in preliminary discussions regarding this information in a spirit of cooperation, and anticipate being able to facilitate and expedite ESI document discovery. Should issues arise in the course of discovery and litigation in this matter, the Parties will endeavor to resolve these matters by agreement. In the event they cannot, they will raise these issues with the Court at the appropriate time.

Respectfully submitted,

| THE PLAINTIFFS | DEFENDANT MIKE CARROLL |
|---|---|
| */s/ JoNel Newman* | */s/ Melissa L. Eggers* |
| JoNel Newman | Melissa L. Eggers |
| FL Bar No. 112320 | Assistant Attorney General |
| Melissa Gibson Swain | Florida Bar No. 072506 |
| Health Rights Clinic | Office of the Attorney General |
| University of Miami School of Law | Civil Litigation Bureau |
| 1311 Miller Drive, Suite F-303 | 1515 N. Flagler Drive |
| Coral Gables, FL 33146 | Suite 900 |
| Phone: (305) 284-3361 | West Palm Beach, FL 33401 |
| Facsimile: (305) 284-6407 | Ph. (561) 837-5025 ext. 119 |
| jnewman@law.miami.edu | Fx. (561) 837-5102 |
| mswain@law.miami.edu | melissa.eggers@myfloridalegal.com |
| | |
| Cindy Huddleston | Madeleine Q. Mannello |
| Fla. Bar No.: 0383041 | Assistant Attorney General |
| Kathy Grunewald | Florida Bar No. 83843 |
| Florida Legal Services, Inc. | Office of the Attorney General |
| P. O. 7416 | 110 S.E. 6th Street, 10th Floor |
| Tallahassee, FL 32314 | Ft. Lauderdale, Florida 33301 |
| Telephone: (407) 801-4350 | Telephone: 954-712-4600 |
| Facsimile: (407) 505-7327 | Facsimile: 954-527-3702 |
| cindy@floridalegal.org | Madeleine.Mannello@myfloridalegal.com |
| kathy@floridalegal.org | DEFENDANTS SONNY PERDUE AND U.S. DEPARTMENT OF AGRICULTURE |
| Charles Elsesser | |
| FL Bar No. 971162 | |
| Alana Greer | */s/ Anthony Erickson-Pogorzelski* |
| Oscar H. Londoño | Anthony Erickson-Pogorzelski |
| Community Justice Project, Inc. | Assistant United States Attorney |
| 3000 Biscayne Blvd., Suite 106 | E-mail: anthony.pogorzelski@usdoj.gov |
| Miami, FL 33137 | United States Attorney's Office |
| Phone: (305) 907-7697 | 99 N.E. 4th Street, Suite 300 |
| charles@communityjusticeproject.com | Miami, Florida 33132 |
| alana@communityjusticeproject.com | Tel: (305) 961-9128 |
| Oscar@communityjusticeproject.com | Fax: (305) 530-7139 |